IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY MOORE,

       Plaintiff,

vs.                                                                                         CV No. 15-733 MV/CG

CITY OF ROSWELL, et al.,

       Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** comes before the Court on Defendants City of Roswell, Jonathon Gokey, and Scott Wrenn's ("Defendants") *Opposed Motion to Stay Discovery and Memorandum of Law in Support Thereof* ("Motion"), (Doc. 15), filed December 15, 2015; Plaintiff's *Response to Motion re Opposed Motion to Stay Discovery and Memorandum of Law in Support Thereof* ("Response"), (Doc. 23), filed January 7, 2016; and Defendants' *Reply to Response to Motion re 15 Opposed Motion to Stay Discovery and Memorandum of Law in Support Thereof* ("Reply"), (Doc. 25), filed January 21, 2016. Since the law favors staying discovery pending disposition of motions based on qualified immunity, the Court will **GRANT** the instant motion.

In this case, Plaintiff filed his *Complaint for Civil Rights Violations and Tort Claims* on August 20, 2015 ("Complaint"). (Doc. 1). Defendants responded by filing a *Motion to Dismiss or Alternatively, Motion for Summary Judgment on Plaintiff's Complaint and for Qualified Immunity and Memorandum of Law in Support Thereof* ("Motion to Dismiss") on October 23, 2015. (Doc. 7). In the Motion to Dismiss, both Defendant Gokey and Defendant Wrenn seek to dismiss Plaintiff's Complaint based on qualified immunity.

Defendants argue that under Supreme Court and Tenth Circuit precedent, when a defendant raises the defense of qualified immunity, discovery should be stayed until that claim is resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992). Defendants additionally note that stays of discovery are appropriate while the court decides dispositive motions. *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Plaintiff asks the Court to allow discovery to proceed after the Court denies the Defendants' Motion to Dismiss. Plaintiff argues that the motion to dismiss is actually a motion for summary judgment and "[i]t has been held that a stay is not necessarily an efficient use of judicial resources as the motion to dismiss may be converted to motions for summary judgment, at which point discovery would proceed . . ." *Id.* at 2 (citing *United States, ex rel., et al. v. ELA Med., Inc.*, No. 07-cv-01460-WDM-MEH, 2009 WL 3233668 *2 (D. Colo. Oct. 7, 2009) (unpublished)). Although Plaintiff admits that stays of discovery are typically granted as a matter of course in the District of New Mexico when a defendant asserts qualified immunity in a motion to dismiss, Plaintiff argues that the Court must balance the needs of a plaintiff to identify information for the lawsuit. (Doc. 23 at 2).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is an entitlement not to stand trial or face the other burdens of litigation, and

acts as an immunity from suit rather than a mere defense to liability. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (internal citations omitted). Indeed, "even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. 231 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citations omitted). It follows that when a defendant files a dispositive motion on the basis of qualified immunity, the defendant is normally entitled to a stay of all discovery. *Johnson v. Curry Cty. Juvenile Detention Center*, CV No. 07-58 JP/LFG, *2 (D.N.M. filed July 3, 2007) (citing *Jiron*, 392 F.3d at 414). The policies underlying the stay require that all discovery in the case be stayed, including discovery as to other parties and claims that are unrelated to the question of qualified immunity. *Martinez v. Carson*, 697 F.3d 1252, 1256 (10th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 685–86 (2009) (explaining that qualified immunity defendants would not be free from the burdens of discovery if discovery as to other parties in the action proceeded)).

Here, Plaintiff admits that a stay of discovery is normally granted in these types of cases; nevertheless, he argues that the Court should not grant the stay. In his Response, Plaintiff cites to a case from the District of Colorado to argue that a stay

would not be appropriate in this matter. However, as Defendants note, that case involves a False Claims Act question, not a qualified immunity claim. Plaintiff asks the Court to "deny Defendants request for a stay of discovery, after denying their Motion to Dismiss, and permit the parties to conduct discovery." (Doc. 23 at 2). However, both the Supreme Court and the Tenth Circuit have clearly stated that discovery should be stayed until the threshold questions of immunity are resolved. *Workman¸* 958 F.3d at 336. Plaintiff has not provided this Court with any authority to the contrary. In light of clear precedent, the Court finds that discovery should be stayed until the question of qualified immunity is resolved and the Court rules on Defendants' Motion to Dismiss. (Doc. 7).

    **IT IS THEREFORE ORDERED** that Defendants' *Opposed Motion to Stay Discovery and Memorandum of Law in Support Thereof*, (Doc. 15), be **GRANTED**. If the parties feel strongly that the Motion to Dismiss will be converted to a Motion for Summary Judgment, they may file a motion with the Court under Fed. R. Civ. P. 56(d) for limited discovery.

    _____
    THE HONORABLE CARMEN E. GARZA
    UNITED STATES MAGISTRATE JUDGE